UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| **DURBINS OF MANTENO, INC.**, an Illinois corporation, d/b/a **DURBINS**; **TWO-TOMS, INC.**, an Illinois corporation, d/b/a **DURBINS**; **HENRY'S DOD-SONS, INC.**, an Illinois corporation, d/b/a **DURBINS**; **DURBINS OF EVERGREEN, INC.**, an Illinois Corporation, d/b/a **DURBINS**; and **THOMAS MCAULIFFE**, an individual, | )<br>)<br>)    Civil action no.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants, **DURBINS OF MANTENO, INC.**, an Illinois corporation, d/b/a **DURBINS**; **TWO-TOMS, INC.**, an Illinois corporation, d/b/a **DURBINS**; **HENRY'S DOD-SONS, INC.**, an Illinois corporation, d/b/a/ **DURBINS**; **DURBINS of EVERGREEN, INC.**, an Illinois corporation, d/b/a **DURBINS** (collectively "Corporate Defendants"); and **THOMAS MCAULIFFE**, an individual, (hereinafter collectively "defendants"), from violating the provisions of sections 6, 7, 11, and 15(a)(2), of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 <u>et seq.</u>)(hereinafter "the Act"), pursuant to section 17 of the Act (29 U.S.C. § 217); and to recover unpaid minimum wage and overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act (29 U.S.C. § 216(c)).

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act (29 U.S.C. §§ 216(c) and 217) and 28 U.S.C. § 1345.

**II**

**(A)** Defendant, **DURBINS OF MANTENO, INC.** (hereinafter, "**DURBINS MANTENO**") d/b/a **DURBINS**, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 183 N. Main Street, Manteno, IL in Kankakee County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

**(B)** Defendant, **TWO-TOMS, INC.** d/b/a **DURBINS** (hereinafter, "**TWO-TOMS**") is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 5406 W. 79th Street, Burbank, IL in Cook County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

**(C)** Defendant, **HENRY'S DOD-SONS, INC.** (hereinafter "**DOD-SONS**") d/b/a **DURBINS** is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 10154 S. Roberts Road, Palos Hills, IL in Cook County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

**(D)** Defendant, **DURBINS OF EVERGREEN, INC.** (hereinafter "**DURBINS EVERGREEN**") d/b/a is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 10240 S. Kedzie Ave., Evergreen Park, IL in Cook County, within

the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

**(E)** At all times hereinafter mentioned, defendant **THOMAS MCAULIFFE**, an individual and owner of the Corporate Defendants, was engaged in business in Kankakee County and in Cook County, within the jurisdiction of this court. At all times hereinafter mentioned, **THOMAS MCAULIFFE** acted directly or indirectly in the interest of the Corporate Defendants, in relation to their employees, including but not limited to hiring and firing employees, setting employment and pay practices, authorizing employees' requests for additional hours, responding to employees' concerns, setting hours of operation, directly supervising restaurant managers and head cooks, overseeing work performance, and managing administrative matters, and is an employer within the meaning of section 3(d) of the Act (29 U.S.C. §203(d)).

### III

**TWO-TOMS**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act (29 U.S.C. §203(r)).

### IV

**TWO-TOMS,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act (29 U.S.C. § 203(s)(1)(A)) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

**DOD-SON**S, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act (29 U.S.C. §203(r)).

VI

**DOD-SONS,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act (29 U.S.C. § 203(s)(1)(A)) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

VII

The Corporate Defendants are, and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, constituted a single enterprise within the meaning of section 3(r) of the Act, 28 U.S.C. § 203(r). Among other things, **THOMAS MCAULIFFE** controlled the Corporate Defendants by making unified operational decisions and setting similar pay and recordkeeping policies and practices for the Corporate Defendants, for a common business purpose of operating and managing pizza restaurants and pubs. Furthermore, payroll and tax

services for the Corporate Defendants were centralized with the same accountant and the Corporate Defendants shared a menu and a website, effectively advertising for one another.

VIII

The Corporate Defendants are, and, at all times hereinafter mentioned, constituted a single enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

IX

Defendants **DURBINS MANTENO** and **THOMAS MCAULIFFE** repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act (29 U.S.C. §§ 206 and 215(a)(2)) by paying employees wages at a rate of less than $7.25 per hour, in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, in that said employees were not paid wages for hours worked in certain workweeks. Specifically, some employees were not paid wages for their final weeks of work.

X

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act (29 U.S.C. §§ 207 and 215(a)(2)), by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise

engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, employees who worked over forty (40) hours in a workweek were paid their regular rate for such hours worked or not paid at all for said hours.

## XI

During the period since October 31, 2015, defendants repeatedly and willfully violated the provisions of the Act as set forth above.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act (29 U.S.C. §217).

## XII

Defendants, employers subject to the provisions of the FLSA, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the FLSA (29 U.S.C. §§ 211(c) and 215(a)(5)) in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, employee(s) date(s) of birth, the hours worked each workday and the total hours worked each workweek with respect to employees, total daily or weekly straight-time earnings or wages due, hourly rates of pay for workweeks in which overtime compensation is due, total premium

pay for overtime hours, total wages paid each pay period, cash wages paid each pay period, and date of payment and pay period.

## XIII

During the period since October 31, 2015, defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations is expressly authorized by section 17 of the Act (29 U.S.C. § 217).

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

    **A.** For an Order pursuant to section 17 of the Act (29 U.S.C. §217), permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    **B.** For an Order:

        **1.** pursuant to section 16(c) of the Act (29 U.S.C. §216(c)), finding defendants **DURBINS MANTENO** and **THOMAS MCAULLIFE** liable for unpaid minimum wage compensation due employees and defendants **DURBINS MANTENO, TWO-TOMS, DOD-SONS, DURBINS EVERGREEN, and THOMAS MCAULLIFE** liable for overtime compensation due employees, and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

        **2.** pursuant to section 17 of the Act (29 U.S.C. §217), enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime

compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

    **3.** pursuant to sections 11 and 17 of the Act (29 U.S.C. §§ 211 and 217), enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from failing to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by them.

    **C.** For an Order awarding plaintiff the costs of this action; and

    **D.** For an Order granting such other and further relief as may be necessary and appropriate.

 

        **KATE S. O'SCANNLAIN**
        Solicitor of Labor

        **CHRISTINE Z. HERI**
        Regional Solicitor

P.O. ADDRESS:                              ___/Catherine Seidelman___
                                                     **CATHERINE SEIDLEMAN**

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604                         Attorneys for
                                                     **R. ALEXANDER ACOSTA**,
Telephone No.: 312.353.4995         Secretary of Labor, United States
E-mail: Seidelman.catherine@dol.gov   Department of Labor, Plaintiff

**EXHIBIT A**

**DURBINS MANTENO**

Jason Bushman
Charles Drajin
Edwin Izaguirre
John Kennerk
Jeremy McNeil
Erika Norwick
Terri Peterson
Danielle Turner
Lauren Zell

**TWO-TOMS**

Gildardo (last name unknown)
Caili Arnold
Dan Bergman
Gary Coon
Jose Johan Meza Brianes
Jim Oskvarek

**DOD-SONS**

Armando Cortez
Raul Hernandez
Sergio Munoz Avila
Juan Nieves
Ignacio Salas Garcia
Jorge Vazquez

**DURBINS EVERGREEN**

Anselmo Mora
Jose Paniagua