UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br>      Plaintiff,<br><br>v.<br><br>DURBINS OF MANTENO, INC. d/b/a DURBINS; TWO-TOMS, INC. d/b/a DURBINS; HENRY'S DOD-SONS, INC. d/b/a DURBINS; DURBINS OF EVERGREEN, INC. d/b/a DURBINS; and THOMAS MCAULIFFE,<br>      Defendants. | Case No.: 1:19-cv-01653<br><br>Honorable Charles R. Norgle, Sr.<br>Honorable M. David Weisman |

## ORDER

**IT IS HEREBY ORDERED**, pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*, (hereinafter "the Act") that Defendants **DURBINS OF MANTENO INC. d/b/a DURBINS; TWO-TOMS, INC. d/b/a DURBINS; HENRY'S DOD-SONS, INC.; DURBINS OF EVERGREEN, INC. d/b/a DURBINS; and THOMAS MCAULIFFE** (collectively "Defendants"), and their officers, agents, servants, employees, and all persons in active concert or participation with them be, are hereby, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

  **A.**  The Defendant Corporations shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter

1

be established by amendment to the Act, such as, but not limited to, the proper use of a tipped wage for front of the house restaurant employees).

**B.** The Defendant Corporations shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed.

**C.** The Defendant Corporations shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

**D.** All Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act.

E.  All Defendants shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendants or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Division.

F.  The Court has received assurances from Defendant Thomas McAuliffe that Defendant McAuliffe affirms he currently does not and shall not, at any point in the future, have any responsibility for the day-to-day operations of any of the Defendant restaurants, other Durbins locations, or their successors. Defendant McAuliffe affirms he is not and shall not act directly or indirectly in the interest of an employer in relation to its employees such that he would be an "employer," as defined by 29 USC § 203(d). Defendant McAuliffe further represents he currently does not and shall not engage in the hiring, firing, disciplining, scheduling, or supervising of any employees of the aforementioned business entities, and shall not direct employees' work, set pay rates, determine employees' classifications, or play any role in the hours worked by employees or the time and pay records these business entities are required to keep and maintain under the FLSA.

G.  The Defendant Corporations and their responsible agents shall:

1.  Classify all of the individuals listed in Exhibit A of the Plaintiff's *Complaint* in this matter, as well as all other current and future workers, in accordance with the FLSA, and ensure any claimed exemptions or classifications comport with the FLSA's requirements.

3

2. Provide each current and new employee with FLSA Fact Sheet 23 (Overtime Pay Requirements of the FLSA), which is publicly available at https://www.dol.gov/whd/fact-sheets-index.htm, for a period of two years after the date of execution of this Stipulation.

3. Have a reliable time-keeping system and/or backup system to keep and maintain pay and time records for their employees.

4. Compensate employees via check for all hours worked or maintain accurate records of any cash payments.

5. Ensure, at their own expense, their managers receive annual FLSA training for a period of two years after execution of this Stipulation, including, but not limited to, situations where they cash employees' checks on site.

**IT IS FURTHER ORDERED** that the matters remaining under section 16(c) of the Act are hereby dismissed without prejudice, pursuant to the Stipulation of Dismissal the parties filed herewith.

So **ORDERED** this 13 day of Jan, 2021.

_____
CHARLES R. NORGLE, SR.
U.S. District Court Chief Judge

**Attorney for Plaintiff:**
Catherine L. Seidelman
U.S. Department of Labor
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn St., Rm. 844
Chicago, Illinois 60604

**Attorney for Defendants:**
Linda Horras
Hinshaw Culbertson
151 North Franklin Street, Suite 2500
Chicago, IL 60606